21 F.3d 419
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Eric APONTE, ET AL., Plaintiffs, Appellants,
v.
PUERTO RICO MARINE MANAGEMENT, INC., Defendant, Appellee.
 No. 93-2219
 United States Court of Appeals, First Circuit.
 April 19, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Jaime Pieras, Jr., U.S. District Judge ]
 Harry Anduze Montano for appellants.
 Rafael Cuevas Kuinlam with whom Antonio Cuevas Delgado and Cuevas, Kuinlam & Bermudez were on brief, for appellee.
 D. Puerto Rico
 AFFIRMED.
 Before Breyer, Chief Judge, Torruella and Selya, Circuit Judges.
 Per Curiam.
 
 
 1
 This case appears before us for a second time. In the earlier proceeding, we vacated the district court's order dismissing plaintiffs' libel claim. See Aponte v. Puerto Rico Marine Mgmt., Inc., No. 92-2056 (1st Cir. Mar. 16, 1993) (unpublished). On remand, defendant moved for summary judgment on the libel claim. The district court, in a thoughtful opinion, found that the uncontradicted evidence showed that the publication of the allegedly defamatory comments was quite limited and fell comfortably within the scope of the qualified privilege recognized by the Puerto Rico Supreme Court in Porto v. Bentley Puerto Rico, Inc., No. RE-89-123 (P.R. Dec. 23, 1992). See Aponte v. Puerto Rico Marine Mgmt., Inc., No. 91-2222(JP), (D.P.R. Aug. 27, 1993). Plaintiffs appeal. We affirm.
 
 
 2
 As we have indicated before, when a district court produces a well-reasoned opinion that reaches the correct result, a reviewing tribunal should not rush to write at length merely to put matters in its own words. See, e.g., In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). So it is here. We agree with the court below that, in this case, the summary judgment record contains no evidence that defendant's publication of the alleged libel fell outside the scope of the qualified privilege available under Puerto Rico law. We, therefore, summarily affirm the judgment below, for substantially the reasons articulated in the district court's rescript. We add only that, in all events, we are hard-pressed to see how the communication in question can plausibly be classified as libelous.
 
 
 3
 We need go no further. The judgment of the district court is
 
 
 4
 Affirmed. See 1st Cir. Loc. R. 27.1.